UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MCCULLAH,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. EDCV 18-01235-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 8, 2018, Rick McCullah ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Social Security benefits. (Dkt. 1.) The Commissioner filed an Answer on September 11, 2018. (Dkt. 14.) On December 13, 2018, the parties filed a Joint Stipulation ("JS"). (Dkt. 17.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 64 year-old male who applied for Social Security Disability Insurance benefits and Supplemental Social Security Income benefits on September 2, 2014, alleging disability beginning May 1, 1998. (AR 15.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 2, 2014, the application dates. (AR 18.)

Plaintiff's claims were denied initially on January 6, 2015, and on reconsideration on June 12, 2015. (AR 15.) Plaintiff filed a timely request for hearing and on July 12, 2017, the Administrative Law Judge ("ALJ") Myriam C. Fernandez Rice held a video hearing from Albuquerque, New Mexico. (AR 15.) Plaintiff appeared and testified in San Bernardino, California, and was represented by counsel. (AR 15.) Vocational expert ("VE") Nicole B. King also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on July 20, 2017. (AR 15-25.) The Appeals Council denied review on April 13, 2018. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ conducted a proper residual functional capacity assessment.
2. Whether the ALJ properly developed the record.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 2, 2014, the application date. (AR 18.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease, cervicalgia, and dorsalgia. (AR 18-19.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 19-20.)

4

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c) with the following limitations: Plaintiff can occasionally climb ladders, ropes, or scaffolds, and can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (AR 20-24.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 22-23.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 24.) The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of janitor, dishwasher, and hand packager. (AR 24-25.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 25.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence. The ALJ did not fail to develop the record.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In

general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.  Analysis**

Plaintiff Rick McCullah alleges disability due to back pain. (AR 20.) The ALJ found that Plaintiff has the medically determinable severe impairments of degenerative disc disease,

cervicalgia, and dorsalgia. (AR 18.) The ALJ, however, determined that, notwithstanding the above impairments, Plaintiff had the residual functional capacity to perform medium work with restrictions. (AR 20.)

Plaintiff's physical examinations and diagnostic tests showed mild functional deficits. Plaintiff was examined by consulting orthopedist Dr. Vincent Bernabe on December 8, 2014. (AR 21-22, 327-332.) Dr. Bernabe noted Plaintiff did not wear a brace for support and does not use a cane for ambulation. (AR 22, 328.) He was in no acute distress and moved around the examination room without any assistive devices. (AR 22, 329.) His gait was normal (AR 22, 329) and his range of motion of the upper and lower extremities was within normal limits. (AR 330.) He did have mildly reduced lumbar range of motion but negative straight leg raising. (AR 319.) An X-ray of the lumbar spine showed mild narrowing at L5-S1 but no fracture or dislocation and no scoliosis or spondylolisthesis. (AR 22, 331.) Based on the examination and X-ray, Dr. Bernabe assessed a medium work RFC with frequent postural limitations. (AR 23, 331.) Two State agency reviewing physicians, Dr. Wahl in December 2014 and Dr. Hartman in April 2015, both opined Plaintiff could perform medium level work. (AR 23, 53-57, 66-68, 80-82, 88-89, 92-94.) The ALJ described all of these opinions as indicating "generally mild findings." (AR 23.)

The objective medical evidence also showed generally mild findings. The December 2014 X-ray on which Dr. Bernabe relied showed mild narrowing at L5-SI but no fracture or dislocation. (AR 21.) A December 2016 X-ray of the lumbar spine reflected mild degenerative changes but no evidence of fracture or spondylosis. (AR 21, 357.) An MRI at the same time showed mild degenerative changes of the lower lumbar spine with no spinal stenosis. (AR 21, 359.) A February 2017 EMG showed bilateral peroneal and posterior tibial motor neuropathy and evidence of mild chronic denervation in both lower extremity muscles but no evidence to suggest ongoing radiculopathy. (AR 21, 353.) A May 2017 MRI of the cervical spine showed moderate osteophyte complex with mild to severe foraminal narrowing at C4-C7. (AR 21, 377-378.)

Plaintiff argues that Dr. Bernabe, Dr. Wahl, and Dr. Hartman did not review the February 2017 EMG and the May 2017 MRI, which occurred after they issued their opinions in 2014 and 2015.  Plaintiff contends that his condition has worsened and that the ALJ should have ordered an updated consulting examination.  Plaintiff further contends that the ALJ failed to develop the record fully.

The Court rejects these contentions.  Plaintiff is merely offering a different interpretation of the record than the ALJ.  What matters is whether the ALJ's interpretation is supported by substantial evidence.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  Here, it is.  The 2017 EMG test showed some mild neuropathy and mild chronic denervation in the lower extremities.  (AR 21, 351-353.)  Dr. Ibrahim's physical examination at the same time indicated Plaintiff was in no acute distress with normal reflexes and noted that Plaintiff may benefit from pain management for the chronic denervation in his lower extremities.  (AR 22, 355.)  Plaintiff may interpret the 2017 EMG evidence to require a more restrictive RFC, but the ALJ's assessment of all the evidence was not unreasonable.

Plaintiff also does not address a physical examination in April 2017 with Dr. James Rho who reported Claimant was in no acute distress with somewhat reduced neck range of motion, normal hand grip strength, and no sensory or motor deficits in the upper extremities.  (AR 22, 373-374.)  There was reduced lumbar range of motion, mostly negative straight leg raises, and mild sensory deficits.  (AR 22, 373-374.)  He could perform a one leg stand without difficulty.  (AR 373.)  A May 2017 MRI of the cervical spine showed minimal broad-based osteophyte complex with mild to severe foraminal narrowing at C4-C7.  (AR 21, 377-378.)

Plaintiff does not address other evidence that bears on his RFC.  Most importantly, Plaintiff did not contest the ALJ's finding that Plaintiff's subjective symptom allegations are "not entirely consistent" with the medical and other evidence.  (AR 22-23.)  In particular, Plaintiff's doctors reported that in May 2017 newly prescribed medications were "extremely beneficial" and that he was stable on medications.  (AR 22, 367, 363.)  He subsequently underwent epidural steroid injections in June 2017.  (AR 22, 361.)  Impairments that can be controlled with medication are not disabling.  Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir.

2006). The ALJ also noted daily activities inconsistent with disabling impairments such as mowing the lawn and martial arts movements. (AR 23, 363, 371.) Although the ALJ considered the above subjective symptom evidence in assessing Plaintiff's RFC, Plaintiff never addresses or discusses this evidence.

Plaintiff offers a different interpretation of the medical and other evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The Court also rejects Plaintiff's assertion that the ALJ failed to develop the record. The ALJ has a duty to develop the record where there is ambiguous evidence or the record is inadequate to allow proper evaluation of the case. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). Here, the record is neither ambiguous nor inadequate. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 13, 2019             */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE